IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OurPet's Company**,  )
1300 East Street  )  Case No. _____
Fairport Harbor, Ohio 44077,  )
 )  Judge _____
       Plaintiff,  )
 )  Magistrate _____
v.  )
 )
**The Kong Company**,  )  **COMPLAINT FOR**
16191-D Table Mountain Parkway  )  **PATENT INFRINGEMENT**
Golden, Colorado 80403,  )
 )  *(Jury Demand Endorsed Hereon)*
       Defendant.  )
 )

NOW COMES the Plaintiff, *OurPet's Company*, and for its Complaint against the Defendant hereby alleges as follows:

## THE PARTIES

1. The Plaintiff, OurPet's Company, is a corporation organized under the laws of Colorado, and has its principal place of business in Fairport Harbor, Ohio, which is in Lake County.

2. The Defendant, The Kong Company, upon information and belief, is a business entity located in Colorado, which makes, uses, sells, offers for sale, and/or imports infringing product in the United States.

## JURISDICTION AND VENUE

3. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281. This Court has federal question subject matter

jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 because this action arises under the patent laws of the United States.

4. In addition or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

6. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the Defendant transacts business in this state. The Defendant supplies infringing pet bowls that are widely sold throughout the state at various big-box retailers.

7. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendant contracts to supply goods in this state. The Defendant supplies infringing pet bowls that are widely sold throughout the state at various big-box retailers.

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this

district, and infringement occurred within this judicial district. Further, the Plaintiff, its witnesses and evidence, are located in this district. Venue is proper here.

9. The Defendant's website in this case is an active rather than a passive website, meaning, the website permits Ohio users to store personal account information, to register, to access customer service, among other things. (http://www.kongcompany.com/connect/sign-up-for-kong-connect/)

10. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

## FACTUAL ALLEGATIONS

11. Since its founding in 1995, the Plaintiff has designed, produced, and marketed a broad line of innovative, high-quality accessory and consumable pet products in the United States and overseas.

12. The Plaintiff has dedicated extensive time to the understanding of pet aging and its critical link to nature.

13. Along with proper nutrition, mental stimulation, physical exercise, and veterinary care, the Plaintiff's products help to maintain the health and wellness of pets.

14. The Plaintiff strives to develop truly unique and innovative products. In fact, almost all of the Plaintiff's products are patented and are the only ones of their kind in the marketplace.

15. The Plaintiff has become a leader in feeding systems to improve the health and comfort of pets.  It has also developed interactive toys that provide fun, rewarding mental and physical challenges to pets.  It has also developed healthy consumables for achieving and maintaining high mental, physical, and immune levels for pets.

16. The Plaintiff sells products under various brand names, such as Smart Scoop®,  Pet Zone®, Durapet® stainless steel bowls, Flappy® dog toys, Cosmic Catnip™, ecoPure® naturals, and Play-n-Squeak®, among others.

17. The Plaintiff is a publicly-traded company.

18. Dr. Steven Tsengas, PhD is the founder and CEO of the Plaintiff corporation.

19. On October 16, 2012, United States Utility Patent No. 8,286,589, entitled "Covered Bowls Such as Pet Food and Water Bowls" (hereinafter referred to as the '589 patent) duly and legally issued to Steven Tsengas, as inventor, for the aforementioned invention.  <u>(A true and accurate copy of the '589 patent as issued is attached hereto as "Exhibit 1.")</u>

20. All rights to the '589 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, OurPet's Company.

21. The '589 patent teaches a pet bowl with a rubber or plastic cover that is permanently or removeably secured to the outer surface of the bowl, to make the bowl skid resistant, among other things.

22. The Plaintiff has widely and continuously promoted and sold its patented products under the Durapet® brand, which products embody the '589 patent, and are marked patented and/or patent pending at times relevant.  Further, Plaintiff's website publicly lists the subject patent: http://www.ourpets.com/patents-feeding-storage.

Plaintiff's Complaint - 4

4 - 4 -

23. The Plaintiff has invested considerable time and resources in marketing and advertising their patented products.

24. The Defendant has had actual knowledge of the Plaintiff's intellectual property rights in the Plaintiff's Durapet® product line by virtue of the Plaintiff's marking of its products as patented and/or patent pending.

25. The parties are competitors in that they both manufacture, source, market, and/or sell pet bowls widely in the pet industry.

26. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing product that infringes the '589 utility patent.

27. The Defendant's products infringe the '589 utility patent, as evidenced by the attached claims chart.  (A claims chart comparing the Defendant's product to the noted claims in the Plaintiff's '589 utility patent is attached hereto as "Exhibit 2.")  (The inclusion of the attached claims chart is for illustrative purposes only, and the Plaintiff reserves the right to amend and modify its claim assertions, allegations, and construction pursuant to the local patent rules.)

28. The Defendants have sold its infringing product in this judicial district in Ohio and elsewhere.

29. The aforementioned activities of the Defendant have also injured and threaten future injury to the Plaintiff.  More specifically, the Defendant's activities have diminished the Plaintiff's goodwill and caused the Plaintiff to lose sales that it otherwise would have made but for the sales of the Defendant.

30. The Defendant is not authorized in any way to sell their infringing products or to use the patents owned by the Plaintiff.

31. The Plaintiff is entitled to an award of damages against Defendant, and is entitled to injunctive relief.

## CLAIM NO. 1
*(Patent Infringement 35 U.S.C. § 271 et seq.)*

32. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

33. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '589 utility patent. (See Exs. 1 & 2.)

34. The Defendant's conduct is an infringement of the '589 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

35. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

36. The Defendant has been, and is, actively inducing infringement of the '589 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

37. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

38. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order against the Defendant as follows:

A) A preliminary injunction enjoining the Defendant from making, using, selling, or importing any product that infringes upon the '589 patent;

B) A permanent injunction enjoining the Defendant from making, using, selling, or importing any product that infringes upon the '589 patent;

C) An accounting for damages resulting from Defendant's patent infringement and the trebling of such damages because of the knowing, willful, and wanton nature of the Defendant's conduct;

D) An assessment of interest on the damages so computed;

E) An award of attorney's fees and costs in this action under 35 U.S.C. § 285;

F) Judgment against Defendant indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

G) Judgment against Defendant for an accounting and monetary award in an amount to be determined at trial;

H) Requiring Defendant to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product;

I) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

J) Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

K) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

L) Ordering a product recall of infringing product for destruction;

M) Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

N) Requiring Defendant to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

O) Damages according to each cause of action herein;

P) Prejudgment interest; and

Q) Any such other relief in law or equity that this honorable Court deems just.

## **JURY DEMAND**

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,


    <u>/s/ David A. Welling</u>
**DAVID A. WELLING (0075934) (lead counsel)**
**C. VINCENT CHOKEN (0070530)**
CHOKEN WELLING LLP
55 S. Miller Rd., Ste. 203
Akron, Ohio 44333
Tel.     (330) 865 – 4949
Fax     (330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
PATENTS + COPYRIGHTS + TRADEMARKS LAW GROUP
3020 W. Market St., Ste. C
Fairlawn, Ohio 44333
Tel.     (216) 696 – 1422
Fax     (216) 696 – 1210
johng@inventorshelp.com

*Counsel for the Plaintiff*